UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SABRINA JONES-KENSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LYONS GLENN, LCC,<br><br>　　　　　　Defendant. | NO. CV-05-0063-EFS<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION** |

On April 29, 2005, Plaintiff Sabrina Jones-Kenson, acting *pro se*, filed a Second Amended Complaint ("Complaint"), (Ct. Rec. 12). In her Complaint, Plaintiff asserts claims against her landlord, Defendant Lyons Glenn, LCC, for injuries she suffered after Plaintiff's son's cat bit her on the arms, hands, and fingers, while the cat was at Plaintiff's home and consequently on Defendant's property. *Id.* at 2. Plaintiff believes Defendant is liable for her injuries because the cat was brought onto the property to catch rats and mice she had seen in her home, and which exterminators hired by Defendant were unable to locate or remove. *Id.* In bringing her suit, Plaintiff asserts the Court has jurisdiction under 28 U.S.C. § 128. However, because the Court does not in fact have subject-matter jurisdiction over this matter, it must be dismissed.

ORDER ~ 1

"It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *United States v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002). Thus, an action may not be maintained in a federal court if that court has not been granted jurisdictional authority to hear the issues raised in that action and it must be dismissed. Federal district courts "are presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). For this reason, the basis of subject-matter jurisdiction must be affirmatively alleged in complaints filed by plaintiffs. Specifically, complaints must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." FED. R. CIV. P. 8(a).

Generally, federal district courts have subject-matter jurisdiction over two types of cases. First, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute provides for what is known as "federal question jurisdiction." Second, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). This statute provides for what is known as "diversity jurisdiction."

In her Complaint, Plaintiff claims this Court has jurisdiction under 28 U.S.C. § 128, which states in part that "Washington is divided into two judicial districts to be known as the Eastern and Western Districts

ORDER ~ 2

of Washington." Because 28 U.S.C. § 128 merely divides Washington into two judicial districts, it is an insufficient basis for subject-matter jurisdiction in this or any other matter. Additionally, nowhere in Plaintiff's Complaint has any right under the United States Constitution, a federal law, or a United States treaty been either expressly or impliedly asserted. Moreover, Plaintiff does not establish a diversity of citizenship between herself and Defendant Lyons Glenn, LLC. Instead, and to the contrary, Plaintiff indicates that both she and Defendant are citizens of Washington, with Plaintiff residing in Spokane and Defendant residing in Tacoma. Thus, Plaintiff has not demonstrated any basis for subject-matter jurisdiction by way of a federal question or diversity jurisdiction.

Accordingly, because the Court has no authority to hear the claims asserted by Plaintiff, the Court dismisses Plaintiff's complaint with leave to renew should she be able to assert claims this Court would have subject-matter jurisdiction over. **IT IS HEREBY ORDERED**, Plaintiff's Second Amended Complaint, (Ct. Rec. 12), is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.** The District Court Executive is directed to

(A)   Enter this Order;

(B)   **Enter judgment** accordingly;

(C)   Provide a copy to the Plaintiff, **Ms. Sabrina Jones-Kenson, 614 W. Sinto Avenue, #2, Spokane, WA 99201;**

///

///

ORDER ~ 3

(D) Provide a copy to Defendant, **Lyons Glenn, LLC, 202 North Tacoma Avenue, Tacoma, WA 98403;** and

(E)    **CLOSE THIS FILE.**

**DATED** this ___28th___ day of June 2005.

```
                  S/ Edward F. Shea
                    EDWARD F. SHEA
                United States District Judge
```

Q:\Civil\2005\0063.dismiss.pro.se.wpd

ORDER ~ 4